IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Blanca Rodriguez,** | ) |
| **Plaintiff,** | ) |
| | ) **No.** |
| vs. | ) |
| | ) **Jury Demand** |
| **Oink, Inc. and** | ) |
| **Corky's Bar-B-Que, Inc.** | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** Plaintiff Blanca Rodriguez ("Plaintiff" or "Ms. Rodriguez") alleging the following facts against Defendants Oink, Inc. and Corky's Bar-B-Que, Inc. (collectively "Defendants" or "Corky's"):

## PARTIES

1. Ms. Rodriguez is a United States citizen and Davidson County resident. Ms. Rodriguez is a former employee of Defendants.

2. Defendant Oink, Inc. owns and operates the Corky's Bar-B-Que in Brentwood, Tennessee. Oink, Inc. is a Tennessee corporation that maintains its principal place of business at 100 Franklin Rd., Brentwood, TN 37027-4637. Oink, Inc. maintains its registered agent within the State of Tennessee with Denise H. Head at 624 Grassmere Park, Suite 4, Nashville, TN 37211-3671.

3. Defendant Corky's BBQ is a Tennessee corporation that maintains its principal place of business at 5255 Poplar Ave., Memphis, TN 38119-3511. Corky's BBQ maintains its

1

registered agent within the State of Tennessee with Andy Woodman at 5255 Poplar Ave., Memphis, TN 38119-3511.

## JURISDICTION AND VENUE

4. This is an action for damages under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. ("THRA"), Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 ("TPPA"), Tennessee common law (retaliatory discharge/public policy), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

5. Upon administrative exhaustion, Plaintiff will request leave to amend this Complaint to include claims under Title VII for sex discrimination, harassment, hostile work environment, and retaliation.

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, § 1367. Venue is proper under 28 U.S.C. § 1391.

## FACTS

7. Ms. Rodriguez is a former full-time kitchen employee of Corky's.

8. Ms. Rodriguez is a United States citizen.

9. Ms. Rodriguez is a female of Mexican descent.

10. Ms. Rodriguez speaks and understands English functionally. However, English is not her first language.

11. Defendants' kitchen employees and management was staffed largely by men during Plaintiff's employment, which included men named Alex, Blake, Nick, Alberto, Garrett, and others.

12. From 2013 through her January 2014 termination, Alex, Blake, Nick, Alberto, Garrett, and other men, regularly subjected Ms. Rodriguez to harassing, intimidating, and

2

offensive behavior at work. The male employees' misconduct included physical assault, intimidation, unwelcomed touching, unwelcomed requests for sexual favors, sexist comments, regular ridicule, and general hostility in daily interactions. Male employees of Corky's routinely called Ms. Rodriguez by derogatory names in the workplace. The most frequently used names revolved around calling her words that mean female dog, such as "bitch," "puta," and "perra."

13. Of many examples, in or about August 2013, Corky's manager/supervisor Alex yelled at Ms. Rodriguez in a harsh and dehumanizing manner during a tirade about her bringing him more bread rolls. Ms. Rodriguez was called a "perra" by Alex, a Spanish term that means "female dog." Ms. Rodriguez complained to higher management but nothing was done to address, correct, or resolve the situation. Corky's essentially told Ms. Rodriguez to deal with it or quit. The failure of Corky's to address the concerns of Ms. Rodriguez and provide a safe work environment for her resulted in Ms. Rodriguez being continuously targeted with similar behavior by Alex and other male employees for the reminder of her employment.

14. In or about November 2013, Ms. Rodriguez was ridiculed by coworkers Alberto and Garrett. During the ridicule session, both men repeatedly called Ms. Rodriguez a "puta." Ms. Rodriguez complained to management but nothing was done to address, correct, or resolve the situation. The failure of Corky's to address the concerns of Ms. Rodriguez and provide a safe work environment for her resulted in Ms. Rodriguez being continuously targeted with similar behavior by Alberto, Garrett, and other male employees for the reminder of her employment.

15. Between October 2013 and November 2013, Ms. Rodriguez was bombarded with requests for sexual favors, called derogatory names, and targeted with offensive comments in the workplace by Alberto. Alberto made request for Ms. Rodriguez to have sex with him in the back of the restaurant and perform sexual acts on him on multiple occasions. Alberto also touched Ms. Rodriguez on the backside in a sexual manner. Ms. Rodriguez complained to management but nothing was done to address, correct, or resolve the situation. The failure of Corky's to address the concerns of Ms. Rodriguez and provide a safe work environment for her resulted in Ms. Rodriguez being continuously targeted with similar behavior by Alberto and other male employees for the reminder of her employment.

16. On or about November 30, 2013, Ms. Rodriguez had a bag of fries violently thrown at her head by a fellow kitchen employee Blake. The bag of fries struck Ms. Rodriguez in the head and hand. Among others, Ms. Rodriguez complained to management but nothing was done to address, correct, or resolve the situation. The failure of Corky's to address the concerns of Ms. Rodriguez and provide a safe work environment for her resulted in Ms. Rodriguez being continuously targeted with similar behavior by Blake and other male employees for the reminder of her employment.

17. Following the incident described in Paragraph 16, Ms. Rodriguez was targeted by escalated ridicule, hostility, and name-calling from fellow kitchen worker Nick. Nick and Blake are very good friends, and Nick expressed his hostility towards Ms. Rodriguez for complaining to management about Blake hurling the bag of fries at her head.

18. Corky's did little or nothing to address the complaints of Ms. Rodriguez. Corky's did not reprimand, investigate, discipline, or fire any male employee for their actions against Ms. Rodriguez.

19. Ms. Rodriguez felt threatened, intimated, and unsafe. As a result, Ms. Rodriguez turned to the police and other agencies for victims for protection. On three separate occasions, Ms. Rodriguez filed police reports with the Metropolitan Nashville Police Department, and filed the following reports for acts against her by Corky's employees:

    - December 5, 2013 (MPD No. 2013-1123539)
    - December 10, 2013 (MPD INo. 201301138889)
    - January 12, 2014 (MPD No. 2014-0042067)

20. The police reports referenced in Paragraph 18 alleged assault, harassment, intimidation, and derogatory/unwelcomed sexual-related comments. Agents and employees of Corky's manifested their disdain towards Ms. Rodriguez for filing police reports through hostile comments and continued mistreatment.

21. Shortly after filing her January 12, 2014 police report for misconduct engaged in by a member of Corky's management, Ms. Rodriguez was fired on or about January 17, 2014.

22. Ms. Rodriguez is forty-four (44) year old. She is the mother of dependent children. Ms. Rodriguez financially supported her family with her employment at Corky's.

23. Plaintiff's teenage son suffers from depression and other conditions. His conditions require periodic medical and psychotherapy treatments. Corky's management was aware of the serious nature of the conditions of Plaintiff's teenage son.

5

24. Ms. Rodriguez often needed to take time off or miss work for her teenage son's condition. On multiple occasions, Ms. Rodriguez requested time off to provide assistance and care for her teenaged son.

25. Corky's actively discouraged Ms. Rodriguez from missing work in order to provide care and transportation for her teenage son. Corky's agents threatened Ms. Rodriguez with termination if she missed work. Corky's agents scolded and verbally reprimanded Ms. Rodriguez for situations in which she took time off to care for and transport her teenage son.

26. Corky's gave male kitchen employees more favorable work schedules; granted their requested days off; allowed them time off to deal with family issues; gave them raises and accommodation; did not issue them reprimand for poor conduct and work performance; and generally allowed them more favorable terms and conditions than it afforded to Ms. Rodriguez.

27. Ms. Rodriguez was never notified of her entitlement to leave pursuant to the Family and Medical Leave Act. Ms. Rodriguez was actively discouraged from utilizing leave to care for her son's serious health conditions by Corky's agents.

28. In January 2014, Ms. Rodriguez independently became aware that she was eligible for FMLA leave for her son's serious health condition.

29. Ms. Rodriguez informed Corky's of her awareness of her FMLA rights and her intent to utilize such leave. On January 14, 2014, the doctor of Plaintiff's son filled out FMLA certification paperwork on behalf of Ms. Rodriguez.

30. Mr. Rodriguez was fired on January 17, 2014, shortly after informing Corky's of her intent to start using leave pursuant to the FMLA , following her becoming aware of her FMLA entitled leave.

31. Defendants asserted reason for the termination of Ms. Rodriguez (missing work) is a pretext for discrimination and retaliation.

32. Corky's treated Ms. Rodriguez differently in the terms, conditions, privileges and benefits of employment than it treated other similarly situated employees who did not complain or refuse to remain silent about illegal activity (by filing police reports).

33. Corky's treated Ms. Rodriguez differently in terms, conditions, privileges, and benefits of employment than it treated other similarly situated male employees.

34. With respect to the conduct described herein, Defendants acted willfully and maliciously or with reckless indifference to Plaintiff's protected rights.

35. As a result of the conduct described herein, Plaintiff has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, damage to her reputation, emotional distress, undue stress and anxiety, exacerbation of her medical conditions and loss of enjoyment of life; and incurred attorneys' fees and expenses.

## CAUSES OF ACTION

### TENNESSEE PUBLIC PROTECTION ACT

36. Plaintiff restates and incorporates herein the foregoing paragraphs.

37. Based on the conduct described in this Complaint, Defendants are liable for violations of the TPPA. The above actions and termination of Plaintiff described constitute unlawful retaliation in violation of the TPPA for Plaintiff's refusal to remain silent and reporting of unlawful activity.

7

38. Defendant's conduct harmed and caused damage to Plaintiff.

## TENNESSEE HUMAN RIGHTS ACT
## (SEX DISCRIMINATION, HARASSMENT, HOSTILE WORK ENVIRONMENT)

39. Plaintiff restates and incorporates herein the foregoing paragraphs.

40. Based on the conduct described in this Complaint, Defendant is liable for violations of the THRA. The above actions and termination of Plaintiff described constitute discrimination based on sex in violation of the THRA.

41. Defendant's conduct harmed and caused damage to Ms. Rodriguez.

## TENNESSEE COMMON LAW
## (RETALIATORY DISCHARGE/PUBLIC POLICY)

42. Plaintiff restates and incorporates herein the foregoing paragraphs.

43. Based on the conduct described in this Complaint, Defendant is liable for violations of Tennessee Common law.

44. Defendant's conduct harmed and caused damage to Plaintiff.

## FMLA VIOLATIONS
## (INTERFERENCE AND RETALIATION)

45. Defendants interfered Plaintiff's exercise of FMLA rights and retaliated against her for exercising FMLA rights, and the Defendants are liable for prospective injunctive relief, including but not limited to reinstatement or, alternatively, equitable relief, lost monetary damages (front pay and backpay), and attorneys' fees and costs pursuant to *Ex parte Young*, 209 U.S. 123 (1908), and its progeny, and for the willful and malicious conduct averred herein.

## RESERVATION OF RIGHTS
## TITLE VII CLAIMS

46. Plaintiff will amend this to include claims for violations of the Title VII upon administrative exhaustion with the Equal Employment Opportunity Commission ("EEOC").

## PRAYER FOR RELIEF & JURY DEMAND

WHEREFORE, premises considered, Plaintiff prays for the following relief:

a. Monetary award of damages for back pay;

b. Monetary award of damages for front pay;

c. Pre and post judgment interest;

d. Compensatory damages and punitive damages;

e. Attorney's fees and costs, and expenses of the action;

f. All other legal and equitable relief to which Plaintiff shows he is entitled, and which is just and proper; and

g. A jury trial.

Respectfully submitted,

Brian C. Winfrey (BPR #025766)
The Winfrey Firm
2002 Richard Jones Rd., Suite 200-B
Nashville, Tennessee 37215
(615) 601-1276
brian@thewinfreyfirm.com